UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SALVADOR BATTAGLIA | CIVIL ACTION |
| VERSUS | NO. 08-4017 |
| GULF STREAM COACH, INC., ET AL. | SECTION "N" (3) |

## **ORDER AND REASONS**

Before the Court is the Motion for Summary Judgment (Rec. Doc. 22), filed by Defendants Fluor Constructors International, Inc., Fluor Enterprises, Inc., Fluor Federal Services, Inc., Fluor Daniel Services Corporation, Fluor Maintenance Services, Inc., and Fluor US Services, Inc.[1] After considering the memoranda filed by the parties and the applicable law, the Court grants this motion.

**I. BACKGROUND**

Fluor entered into a contract with the Federal Emergency Management Agency ("FEMA"), effective July 12, 2005, wherein Fluor agreed to, *inter alia*, provide temporary housing solutions and related services in response to natural disasters. (Exhibit 2 to Rec. Doc. 22, ¶¶ 5-6)[2]. FEMA purchased travel trailers to be provided to hurricane victims from various manufacturers, and

---

[1] The movants asserts that all these entities are improperly named except for Fluor Enterprises, Inc. (See Rec. Doc. 22, no. 1). Plaintiff does not specifically oppose this assertion and, indeed, refers only to Fluor Enterprises, Inc. in his Opposition (See Rec. Doc. 24). Thus, this Court will proceed with this motion as if it was filed by the only properly named defendant, Fluor Enterprises, Inc. ("Fluor").

[2] For a detailed explanation of the maintenance obligations required under the contract, see Rec. Doc. 24-2, pp. 1-2; Exhibit P-1, P-2 of Rec. Doc. 24).

delivered them to a FEMA staging area. (Exhibit 2 to Rec. Doc./ 22, ¶ 7). After Hurricanes Katrina and Rita and pursuant to the FEMA/Fluor contract, Fluor's subcontractors transported the travel trailers from the Fluor staging area to predetermined locations provided by FEMA. Fluor installed some of the travel trailers that were to be used by hurricane victims. (Exhibit 2 to Rec. Doc. 22, ¶ 8).

On December 27, 2005, Fluor received Work Order #1603-001-034381-INP to install a trailer for Plaintiff and his wife. (See Exhibit P-3 to Rec. Doc. 24). In January 2006, a Fluor subcontractor delivered and set up Plaintiff's FEMA trailer and hooked it up to utilities, readying it for occupancy, and on February 4, 2006, the Battaglias began occupying the trailer. (Exhibit 2 to Rec. Doc. 22, ¶¶ 12-13). Nearly 1.5 years after Fluor installed the trailer, Plaintiff alleges that he was injured when he fell through the floor of the travel trailer on two separate occasions: once on June 28, 2007 and again on September 2, 2007. (Rec. Doc. 1, Petition, ¶¶ 15, 17). Plaintiff claims to have complained "to the defendants"[3] about the defective condition of the trailer yet they failed to remedy the defective condition of the trailer. (Rec. Doc. 1, Petition, ¶ 16). Specifically, in his discovery responses, Plaintiff alleges that about one week before his first fall, he notified "the contractors" that the floor seemed "soft and wavy." (Exhibit 1 to Rec. Doc. 22, no. 3). He claims that the day after his fall, "the contractors" came to his trailer and placed a

---

[3] Plaintiff initially sued Gulf Stream Coach, Inc.; Shaw Environmental, Inc.; Shaw Environmental and Infrastructure, Inc.; Shaw Constructors, Inc.; Shaw Environmental and Infrastructure Massachusetts, Inc.; CH2M Hill Constructors, Inc.; CH2M Hill, Inc.; C. Martin Company, Inc.; Fluor Enterprises, Inc.; Fluor Constructors International, Inc.; Fluor Federal Services, Inc.; Fluor Daniel Services Corporation, Inc.; Fluor Maintenance Services, Inc.; and Fluor US Services, Inc. (Rec. Doc. 1, Petition, ¶ 2). Thereafter, Plaintiff voluntarily dismissed the CH2M Hill defendants and C. Martin Company. (Rec. Docs. 9, 10). C. Martin Contractors, LLC, the Shaw defendants, and the trailer manufacturer, Gulf Stream Coach, Inc. were dismissed by Court Order based on Plaintiff's failure to timely serve those defendants. (Rec. Doc. 12). Thus, Fluor is the only remaining defendant.

board over the hole in the floor.  Plaintiff asserts that at that time, he told "the contractors" that there was the same "soft and wavy" condition in the flooring in the bedroom.  He claims that the contractors told him that they would send someone out to check on it, they did not, and he later fell in that very spot.  (Exhibit 1 to Rec. Doc. 22, no. 3).  Fluor has filed the instant motion claiming, among other things, that it could not have been the contractor that Plaintiff contacted, as all of its contractual responsibilities with respect to maintaining and/or repairing Plaintiff's trailer ended on June 30, 2006, approximately *one year before* Plaintiff's first fall.

## II.    ARGUMENTS OF THE PARTIES

Fluor notes that Plaintiff's Petition fails to make any specific allegations against any defendant, and instead, states that all the defendants were negligent in a variety of ways, including failing to take adequate precautions to avoid risk of injury to Plaintiff, exposing Plaintiff to an unreasonable risk of harm, failing to properly inspect the trailer, failing to install a reasonably safe trailer, failing to properly repair and maintain the trailer, and failing to take adequate corrective measures once Defendants became aware of the dangerous condition of the trailer. (Rec. Doc. 1, Petition, ¶¶ 26-27).  Fluor also notes that Plaintiff makes claims under the Louisiana Products Liability Act ("LPLA"). Fluor contends that these claims were presumably made against Gulf Stream Coach, Inc., as the manufacturer of the trailer, but argues that even if the claims are directed to it, Fluor does not meet the definition of manufacturer under the LPLA .

First, Fluor asserts that Plaintiff has failed to allege any defect in Fluor's subcontractor's installation of the trailer, which did not involve the flooring of the trailer.   Fluor notes that it did not manufacture the trailer, select the flooring for the trailer, or install the flooring for the trailer. Indeed, the flooring was already installed in the trailer when it was handed over by FEMA to

3

Fluor's subcontractor to be transported. Fluor further claims that after its subcontractor installed the trailer, Plaintiff lived in the trailer continuously for almost 1.5 years without noticing any indication of a defect in the flooring.

Second, Fluor claims that Plaintiff has failed to claim that Fluor's subcontractor's inspection of the trailer was deficient or that a reasonable inspection would have revealed the alleged defect in the flooring. Fluor argues that even a reasonable inspection would not have revealed the defect in the flooring as Plaintiff lived in the trailer from February 4, 2006 until June 2007 without becoming aware of the alleged flooring defect.

Plaintiff fails to address this argument specifically. Instead, in its opposition, Plaintiff vaguely argues that had Fluor conducted an adequate inspection of the flooring in the trailer upon delivery, it would have discovered the dangerous condition of the floors in the trailer. Plaintiff claims that his pleadings "create a genuine issue of material fact as to the adequacy of the defendant's inspection of the floors when the trailer was initially delivered to plaintiff by the defendant." (Rec. Doc. 24-2, p. 5).

Third, Fluor claims that Plaintiff has not shown that Fluor was ever called upon to repair Plaintiff's trailer's floor. Fluor argues that neither it not any of its subcontractors made repairs to Plaintiff's trailer after June 30, 2006, as its duties to maintain and repair Plaintiff's trailer ended on that day, nearly one year before Plaintiff allegedly fell through the floor for the first time. Also, Plaintiff has not alleged that any repairs made before June 30, 2006 were substandard. In sum, Fluor contends that Plaintiff lacks any evidence that any acts or omissions on the part of Fluor or its subcontractors caused Plaintiff's accidents.

As for Fluor's assertion that its duties to maintain and repair Plaintiff's trailer ended on

4

June 30, 2006, Plaintiff argues that Fluor "has produced no evidence of this fact other than the unsupported assertion of Charles A. Whitaker." (See Rec. Doc. 24-2, p. 6). Plaintiff complains that Fluor has failed to produce any documentation supporting Whitaker's claim that neither Fluor nor its subcontractors were responsible for maintenance and repairs of travel trailers after June 30, 2006. Plaintiff complains that Fluor has failed to produce any documentary evidence that the contract entered into between Fluor and FEMA for maintenance of the trailers ended on June 30, 2006. Indeed, Plaintiff argues that Fluor's Answer fails to assert that its contractual responsibility to maintain the trailers ended as of June 30, 2006. Plaintiff complains that no where in the Answer does Fluor assert an affirmative defense that this contract terminated as of June 30, 2006.

Plaintiff further notes that Fluor's own Initial Disclosures create a question of fact as to whether Fluor still had contractual responsibilities for maintenance at the time of Plaintiff's accidents. Specifically, in Section B of Fluor's Initial Disclosures, entitled "documents, data compilation and tangible things that Fluor may use to support its claims or defenses", Fluor lists:

> Blanket Ordering Agreement entered into by and between Fluor Enterprises, Inc. and its subcontractor, Bobby Reavis Company, Inc. effective June 28, 2007 and September 2, 2007. Subject to the entry of a protective order sufficient to protect confidential and nonpublic information from disclosures, Fluor will serve upon Salvador Battaglia a copy of the Blanket Ordering Agreement, control numbered FL-BAT000214-F1-BAT000325.

(Exhibit P-4 to Rec. Doc. 24). Thus, Plaintiff contends that Fluor's own Initial Disclosures suggest that the Blanket Ordering Agreement entered into by Fluor involving maintenance of temporary housing was effective on June 28, 2007, and September 2, 2007, the dates of Plaintiff's accidents. Thus, Plaintiff asserts that these Initial Disclosures create an issue of material fact as

to whether Fluor had contractual responsibility for maintenance of Plaintiff's trailer after June 30, 2006.

Last, Plaintiff makes a Rule 56(f) request to conduct more discovery directed to the issue of when Fluor's contractual obligations ended, noting that the discovery deadline has not passed.[4] He requests an opportunity to depose Whitaker about his assertion that Fluor owed no duties to Plaintiff at the time of his accidents. Also, Plaintiff notes that on August 4, 2008, counsel for Fluor forwarded to Plaintiff's counsel an authorization to be executed by Plaintiff's wife, Marilyn Battaglia, allowing Fluor to obtain from FEMA any and all documents relating to the travel trailer leased to her. (See Exhibit P-6 to Rec. Doc. 24). The authorization was executed by Mrs. Battaglia on August 14, 2008. (Exhibit P-7 to Rec. Doc. 24). Plaintiff claims that Fluor agreed to provide his counsel with a copy of all documentation received in response to its request (Exhibit P-6 to Rec. Doc. 24); however, as of the date the Opposition was filed, Plaintiff's counsel has not received this information from Fluor. Plaintiff requests an opportunity to receive and review these documents which he claims would shed light on the entity responsible for maintenance of the trailer during the time in question.

### III. LAW AND ANALYSIS

#### A. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[4] While this assertion is technically correct, Plaintiff does not state that at the time the opposition was filed, November 12, 2009, the discovery deadline was just 8 days away, November 20, 2009. (See Rec. Doc. 15, p. 2).

fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law ." *Id*.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; see also *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

7

Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." See id. (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.     Application**

Here, Plaintiff has alleged several different negligence theories against Fluor, relating to the delivery, set up, inspection, and maintenance of the trailer. Although it is unclear whether Plaintiff has made an LPLA claim against Fluor, that theory of recovery will be addressed as

well, in addition to Plaintiff's request for a Rule 56(f) continuance.

### (1) Rule 56(f) Request

As Plaintiff's Rule 56(f) request affects whether the Court will proceed further on this motion at this time, it is addressed first, before delving into the merits of the motion and Plaintiff's opposition. Specifically, Rule 56(f) authorizes district courts to refuse an application for summary judgment, or to order a continuance to allow for discovery, when the party against whom a motion for summary judgment has been filed properly demonstrates that he requires discovery in order to present facts essential to his opposition. See Fed.R.Civ.P. 56(f). To secure such relief, however, that party must indicate why discovery is necessary and how that discovery will create a genuine issue of fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656-58 (5th Cir.1996); *Krim v. BancTexas Group, Inc*., 989 F.2d 1435, 1442 (5th Cir.1993). Vague assertions that additional discovery will produce needed but unspecified facts, however, are not sufficient. *Krim*, 989 F.2d at 1442. Further, if it appears that the discovery in question will not produce evidence creating a genuine issue of material fact, the court can grant summary judgment.

The Court finds that, on the showing made, Plaintiff has not satisfied his burden under this rule. Although Plaintiff has represented that, as of November 12, 2009, he needed to depose Whitaker and conduct more discovery, he provided no explanation of why he has not already completed this discovery, or why it was not possible to do so. This is particularly significant given that this case has pending since July 2008 and is currently set for trial on January 19, 2010. The Court notes that this opposition was filed and this request was made only *eight* days before the November 20, 2009 discovery deadline. Additionally, in Fluor's Reply which was filed on November 18, 2009 (two days before the discovery deadline), Fluor claims that Plaintiff had

9

made *no* effort to conduct discovery. At that time, Plaintiff had previously not propounded *one* discovery request on Fluor and had not noticed *one single* deposition. Notably, no deadline extensions were ever requested by Plaintiff.

Also, Plaintiff has offered no explanation as to why he thinks such discovery would create genuine issues of material fact. Notably, he has failed to explain why he thinks Whitaker's deposition testimony would differ from the testimony Whitaker provided under the penalty of perjury in his Declaration, which was attached to Fluor's motion. Further, if Plaintiff did go ahead and conduct this additional discovery out of time, it has now been over one month since this matter came up for hearing. Despite having ample time and opportunity for doing so, Plaintiff has since failed to inform the Court of the fruits of that discovery, if taken, and any affect of that discovery on the instant motion.

Last, as for Plaintiff's complaint that Fluor never provided him with the documents received in response to its request to FEMA for all documents related to the trailer leased to Plaintiff's wife, Fluor states that it has never received these documents from FEMA. Additionally, Fluor asserts and this Court agrees that this should not prevent summary judgment in favor of Fluor because Plaintiff could have requested these documents from FEMA himself, and he has had nearly a year and a half since filing suit to do so.

For the reasons stated herein, the Court finds that a continuance of the hearing on Fluor's motion for summary judgment is not warranted, and the Court turns to the merits of the pending motion.

> **(2) Negligence Claims - Relating to the delivery, set up, inspection, and maintenance of the trailer**

Under Louisiana law, the four-part duty-risk analysis is well-established: (1) Was the

conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant owe a duty to the plaintiff? (3) Was the duty breached?(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?, i.e., Was the breach of duty the legal or proximate cause of the damage? *Roberts v. Benoit*, 605 So.2d 1032, 1042 (La.1992). The plaintiff has the burden of proving every essential element of his case by a preponderance of the evidence. *Jordan v. Travelers Insurance Company*, 245 So.2d 151 (La.1971); see also *Prosser*, TORTS, § 41, p. 269 (5th ed.1984).

Not every act leading up to an injury can be said to be a cause of an injury; rather, the act or acts taken as a whole must be more probably than not a substantial factor without which the injury would not have occurred. *Laird v. Travelers Ins. Co.*, 267 So.2d 714, 717 (La.1972); *Hauck v. Facility Mgmt. of La., Inc.*, 637 So .2d 1154, 1156 (La. App.1994). "Proximate cause" is cause "which immediately precedes and produces the effect, as distinguished from remote, mediate, or predisposing cause," or cause "from which the fact might be expected to follow without the concurrence of any unusual circumstance." *Beard v. Coregis Ins. Co.*, 968 So.2d 278, 283 (La.App.2007) (citations omitted). " 'Proximate' cause primarily inquires whether a party's duty extends to the particular risk in question that causes injury to another party in a tort action." *Id.* (citing *Frost v. Albright*, 460 So.2d 1125, 1127 (La.App.1984), *writ denied*, 462 So.2d 1266 (La.1985)).

Here, Plaintiff has the burden of proof, and must support each element of his negligence claim against Fluor with Rule 56 evidence. In this regard, Plaintiff cites only the allegations in his Petition; he has provided no *evidence* to show that Fluor's delivery and inspection of the

11

FEMA trailer were in any way deficient. While Plaintiff alleges in his Opposition that the allegations in his pleadings are enough to create genuine issues of material fact, Rule 56 itself negates this argument, as Fluor points out in its Reply. Indeed,

Rule 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party *may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial*. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. C. Pro. 56(e)(2) (emphasis added). Plaintiff has failed to do so.

Further, he has set forth no evidence to show that a reasonable inspection would have revealed the alleged defect in the flooring. As Fluor points out in its Reply, Plaintiff lived in the trailer for nearly 18 months before discovering the defect. The Court finds that the fact that Plaintiff fell through the floor 18 months after the trailer was inspected does not give rise to any inference of negligent inspection. Thus, because Plaintiff has set forth no evidence that Fluor's subcontractor's delivery, set up, and/or inspection of the trailer was in any way deficient or that a reasonable delivery, set up, and/or inspection would have prevented and/or revealed the alleged defect or deficiency, Fluor is entitled to summary judgment on the negligence claims relating to delivery, set up, and/or inspection.

As for Plaintiff's negligence claims relating to Fluor's maintenance, Fluor has provided competent summary judgment evidence (i.e, Whitaker's declaration, Exhibit 2 to Rec. Doc. 22) to show that its contractual obligations, including any maintenance obligations, ended on June 30, 2006, one year before Plaintiff allegedly fell for the first time. In addition to the Declaration of Whitaker attached the Fluor's motion, Fluor attached to its Reply a second Whitaker

Declaration and the documents proving the June 30, 2006 cessation of Fluor's contractual obligations. (See Exhibit 1 to Rec. Doc. 27, with attachments).

Further, Plaintiff has provided no evidence to support his theory that Fluor's maintenance obligations extended beyond June 30, 2006. As for Plaintiff's argument about the statement in Fluor's Initial Disclosures, Fluor admits that it listed the following subcontract in its Initial Disclosures:

> Blanket Ordering Agreement entered into by and between Fluor Enterprises, Inc. and its subcontractor, Bobby Reavis Company, Inc. effective June 28, 2007 and September 2, 2007.

Fluor's Initial Disclosures further stated:

> *Subject to the entry of a protective order sufficient to protect confidential and nonpublic information from disclosures*, Fluor will serve upon Salvador Battaglia a copy of the Blanket Ordering Agreement, control numbered FL-BAT000214-F1-BAT000325.

(Exhibit P-4 to Rec. Doc. 24(emphasis added). Fluor maintains that its obligation to maintain and repair Plaintiff's FEMA trailer up until June 30, 2006 derived from the FEMA/Fluor contract—not the Fluor/Bobby Reavis Company subcontract. Because all of Fluor's maintenance and repair obligations under the FEMA/Fluor contract ended on June 30, 2006, the Court finds that the effective dates of the Fluor/Bobby Reavis Company subcontract are irrelevant and do not create a genuine issue of material fact.[5] Indeed, the relevant contract was the FEMA/Fluor contract; once that contract expired, no work under the subcontract would have been done on Plaintiff's trailer. Additionally, Fluor notes in its Reply that the effective dates of

---

[5] In spite of Plaintiff's reliance on this subcontract to create a genuine issue of material fact, the Court notes that there was never any Protective Order entered into the record. Thus, it is unclear whether the Fluor/Bobby Reavis Company subcontract was ever produced to or reviewed by Plaintiff. Instead, Plaintiff merely relies on dates cited in Fluor's Initial Disclosures to demonstrate a genuine issue of material fact.

Fluor/Bobby Reavis Company subcontract listed in its Initial Disclosures were incorrect. In note 4 of Rec. Doc. 27, Fluor explains that the subcontract became effective on October 4, 2005, and ended 18 months later on April 4, 2007, several months before Plaintiff's June 28, 2007 and September 2, 2007 accidents. However, regardless of the effective period of that subcontract, Fluor's subcontractor would not have been performing any maintenance or repair work after June 30, 2006—the day Fluor's maintenance and repair obligations ended under the FEMA/Fluor contract. Thus, Fluor is entitled to summary judgment on the negligence claims relating to maintenance.

### (3) Possible Claims Under the LPLA

Plaintiff's Petition is unclear whether the asserted LPLA claims apply to Fluor. Despite Fluor having raised this issue in its motion, Plaintiff failed to respond. As Plaintiff has not set forth or shown any genuine issue of material fact relating to how Fluor clan be considered a manufacturer under the LPLA, Plaintiff has failed to carry his burden, and such claims are hereby dismissed.

## IV. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 22)** is **GRANTED.** Fluor Enterprises, Inc. is entitled to summary judgment in its favor as to all of Plaintiff's claims against it, for the reasons expressed herein.

New Orleans, Louisiana, this 4th day of January 2010.

_____
KURT D. ENGELHARDT
United States District Judge